UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHELE D. ZEBER AND<br>NEAL A. ZEBER | CIVIL ACTION |
| | NUMBER 10-89-BAJ-DLD |
| VERSUS | |
| E.L. CRETIN, L.L.C., ET AL. | |

## MAGISTRATE JUDGE'S REPORT

This matter is before the court on plaintiffs' motion to remand (rec. doc. 9), which is opposed and has been referred to the undersigned for a report and recommendation (rec. doc. 14).

### Background

Plaintiffs Michele and Neal Zeber originally brought suit in state court for damages allegedly sustained as the result of the use of Chinese drywall in the construction of their new home. They named as defendants SEC Enterprises, Inc. (the seller); E.L. Cretin, L.L.C. (the builder); Clarendon America Insurance Company, Praetorian Insurance Company, and QBE Insurance Corporation (Cretin's liability insurers); various John Doe supplier and installers of the drywall; their liability insurers; and plaintiffs' own homeowner's insurer, Safeco Insurance Company of America (Safeco). While defendant Safeco is of diverse citizenship from plaintiffs, no one disputes that most, if not all, of the builder/seller/supplier defendants are non-diverse; thus complete diversity does not exist.[1]

---

[1] Safeco does not properly establish the citizenship of all parties in the notice of removal, but it generally alleges that all defendants, with the exception of Safeco, are citizens of Louisiana, which is not disputed. Safeco alleges that it is a foreign insurer, incorporated under the laws of the State of Washington, with its principal place of business in Seattle, Washington (rec. doc. 1). Additionally, Safeco fails to identify

Safeco nevertheless removed this matter, alleging diversity jurisdiction under 28 U.S.C. §1332. The sole issue before the court is whether the claims against the builder/seller/supplier defendants and the claims against Safeco were fraudulently misjoined to destroy diversity.

### Arguments of the Parties

Plaintiffs contend that defendant Safeco has failed to meet its burden of proving that plaintiffs' claims against the builder/supplier defendants were fraudulently misjoined with the claims against Safeco and that diversity jurisdiction exists (rec. doc. 9).[2] They explain that their claim against Safeco is based on Safeco's violation of its duties under several Louisiana statutes and its breach of its duty of good faith and fair dealing, its duty to adjust claims fairly and promptly, and its duty to make a reasonable effort to settle claims with the insured or the claimant (rec. doc. 9, Exhibit 1).[3] Plaintiffs insist that they have brought their claims against all parties in good faith, and not in an attempt to avoid federal jurisdiction. More importantly, plaintiffs argue that the claim against Safeco is so closely connected to the claims against the other parties that to adjudicate the two action separately, in two separate courts, would be prejudicial and burdensome for plaintiffs. Although Safeco will have distinct legal and contractual defenses, the underlying issues will be the same in establishing plaintiffs' claims - does the home have Chinese Drywall, what are the

---

the citizenship of the named insurer defendants, but argues that their citizenship should be ignored because the claims against them were fraudulently misjoined to destroy diversity. Plaintiffs are citizens of Louisiana.

[2] The parties agree that the amount in controversy requirement is satisfied.

[3] Plaintiffs' amended and supplemental petition names Safeco, but does not allege specific claims against Safeco. Plaintiffs, therefore, seek leave to file a second amended petition in connection with their motion to remand to elaborate on their claims against Safeco.

damages, what caused the damages, and are the damages the type that implicate coverage. Further, plaintiffs are concerned that if plaintiffs' claims against the builder/supplier defendants and the claims against Safeco proceed in two separate forums, plaintiffs are at risk of receiving inconsistent findings of facts and verdicts. Plaintiffs suggest that Safeco is simply attempting to split plaintiffs' claims in an effort to create diversity jurisdiction.

Safeco responds by arguing that plaintiffs' tort-based claims against the builder/supplier defendants and their contract-based claims against Safeco are distinct factually and legally and were "egregiously misjoined" to destroy diversity (rec. doc. 14). Safeco argues that there are no overlapping or common questions of fact or related issues of law between plaintiffs' contract-based claims against their homeowner's insurer and their tort-based claims against the builder/supplier defendants. Safeco therefore requests that the court sever plaintiffs' claim against diverse Safeco from the claims against the non-diverse builder/seller defendants and remand the claims against the builder/supplier defendants.

**Discussion**

The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278 (5th Cir. 2007); *Shamrock Oil & Gas Corp. V. Sheets*, 313 U.S. 100, 108-109, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). Remand is proper if at any time the court lacks subject matter jurisdiction. See 28 U.S.C. §1447(c). The party seeking removal has the burden of proving either diversity or federal question jurisdiction. *Garcia v. Koch Oil Co. of Texas, Inc.,* 357 F.3d 636 (5th Cir. 2003), *citing Paul Reinsurance Co. v. Greenberg*, 134

F.3d 1250, 1253 (5th Cir. 1998), and *Gutierrez v. Flores,* 543 F.3d 248 (5th Cir. 2008). The party seeking to establish diversity jurisdiction must prove the existence of diversity of citizenship and amount in controversy.[4]

Safeco removed this matter arguing that diversity jurisdiction exists because the claims against the non-diverse builder/supplier defendants were fraudulently misjoined with the claims against Safeco; therefore, the citizenship of the builder/supplier defendants should be disregarded for purposes of determining diversity of citizenship. The removing defendant bears the burden of demonstrating improper joinder. E.g., *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). Improper joinder of a non-diverse party can be proven by showing "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005), *citing Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc). Defendant Safeco does not argue fraud in the pleadings or an inability to establish a cause of action against the non-diverse defendants. Rather, Safeco argues that defendant Safeco argues that the claims against the non-diverse builder/supplier defendants were "fraudulently misjoined" with the claims against Safeco; therefore, their citizenship should be disregarded for purposes of determining diversity of citizenship.

The theory of "fraudulent misjoinder" was first adopted in *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), where the court recognized that fraudulent joinder can exists when a diverse defendant is joined with a non-diverse defendant as to

---

[4] The parties do not contest that the amount in controversy is satisfied, and a review of the pleadings indicates that plaintiffs' claims meet the amount in controversy.

whom there is no joint, several, or alternative liability, and when the claim against the diverse defendant has no real connection to the claim against he non-diverse defendant. The court in *Tapscott* held that "egregious" misjoinder, but not "mere" misjoinder, of parties that have no real connection with each other can constitute fraudulent misjoinder. Id. at 1360. To date, the Fifth Circuit has not adopted the theory of "fraudulent misjoinder," but it has mentioned the theory in several cases, and many district courts within the Fifth Circuit have applied the theory of fraudulent misjoinder reasoning that the Fifth Circuit has indicated its willingness to adopt the theory. See *Crockett v. R.J. Reynolds Tobacco Company,* 436 F.3d 529, 533 (5th Cir. 2006); *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002); *Akshar 6, L.L.C. v. Travelers Casualty and Surety Company of America,* 2010 WL 3025018 (W.D. La. 2010); *NGO v. Essex Insurance Company*, 2008 WL 4544352 (E.D. La. 2008); *Accardo v. Lafayette Insurance Company*, 2007 WL 325368 (E. D. La. 2007); *Defourneaux v. Metropolitan Property and Casualty Insurance Company*, 2006 WL 2524165 (E.D. La. 2006). Other district courts have openly questioned whether the Fifth Circuit has adopted the theory. *Lundquist v. J & J Exterminating, Inc.*, 2008 WL1968339 (W.D. La. 2008).

Under *Tapscott*, the court must first determine whether joinder is appropriate under the relevant joinder rule and the facts of the case. If the court finds that joinder was improper, it must determine whether the misjoinder was so egregious as to warrant a finding of fraudulent misjoinder. *Akshar*, at *3, citing *Tapscott*, 77 F.3d at 1360. The district courts within the Fifth Circuit which have applied the *Tapscott* analysis differ on whether federal or state rules of joinder apply in a *Tapscott* analysis. See *Accardo v. Lafayette Insurance Co.*, 2007 WL 325368 at *4 and *Millet v. Liberty Mutual Ins. Co.,* 2008 WL 147821 (E.D. La. 2008)(courts applied state joinder rules in determining whether joinder was proper); *Akshar*

*6, L.L.C. v. Travelers Casualty and Surety Company of America,* 2010 WL 3025018 (W.D. La. 2010) and *Defourneaux v. Metropolitan Property and Casualty Insurance Company*, 2006 WL 2524165 at *1 (courts applied joinder analysis under Fed. Rule Civ. P. 20 in determining whether joinder was proper).[5]

Thus, the law of the Fifth Circuit is unsettled as to whether the "fraudulent misjoinder" theory is applicable to establish diversity jurisdiction and as to which standard, Fed. Rule Civ. P. 20 or state joinder rules, are applicable in the *Tapscott* analysis. One thing is settled, however, and that is even if the court were to find that plaintiffs' claims were improperly joined under either federal or state joinder rules, the court also must find that the misjoinder was so egregious as to warrant a finding of fraudulent misjoinder. *Akshar*, at *3, citing *Tapscott*, 77 F.3d at 1360.

Plaintiffs' claims against the builder/supplier defendants arise out of the same factual circumstances as their claims against Safeco and their claim for damages is against all defendants for the repair to their home as a result of the alleged use of Chinese Drywall in the construction of their home. Although plaintiffs' claims against the builder/supplier defendants arise in tort and their claims against Safeco arise in contract, and the defendants will have different and unique defenses to plaintiffs' claims, the claims present numerous common factual and legal issues that must be resolved. For example, as explained by plaintiffs, common issues that must be resolve in order to determine who, if

---

[5] Rule 20 of the Federal Rules of Civil Procedure provides that defendants may be joined in the same action if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action. Louisiana Civil Code art. 463 provides that joinder is appropriate if: (1) there is a community of interest between the parties joined; (2) each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and (3) all of the actions cumulated are mutually consistent and employ the same form of procedure.

anyone, is liable to plaintiffs for their damages include: (1) does the home have Chinese Drywall; (2) what types of damages were sustained; (3) were the damages sustained caused by the use of Chinese Drywall; (4) are the damages sustained types that implicate coverage.  Although the court is not aware of the exact provisions of the homeowner's insurance policy issued by Safeco to plaintiffs, it is reasonable to assume that the "cause" of plaintiffs' damages will directly impact the coverage provided by the policy.  If this matter were to proceed in two separate forums, there would be a risk of inconsistent findings on various factual and legal issues, including causation.  Thus, even *if* plaintiffs' claims were improperly joined, the misjoinder is not so egregious as to warrant a finding of fraudulent misjoinder.

Further, the court has extensively reviewed the jurisprudence on fraudulent misjoinder, including the cases cited by the parties.  The facts of this matter are most similar to the facts presented in *Akshar 6, L.L.C. v. Travelers Casualty and Surety Company of America,* 2010 WL 3025018 (W.D. La. 2010), which involved claims arising out of sheetrock defects and mold and mildew problems as a result of defective materials and faulty construction of plaintiffs' hotel.  The court found that plaintiffs' claims against the general contractor, subcontractors, architect, engineers (and their insurers) involved in the construction of plaintiffs' hotel and plaintiffs' claims against Travelers Property and Casualty Company of America, who issued a policy of general liability insurance to the hotel which was in effect at the time the sheetrock defects and mold and mildew problems occurred, were properly joined due to the common issues of law and fact, regardless of the different theories of liability asserted.  The court's holding in *Akshar*, supra., although not binding,

further supports this court's finding that the joinder of plaintiffs' claims in the instant case is not so egregious as to warrant a finding of fraudulent misjoinder.  Accordingly,

**IT IS RECOMMENDED** that plaintiffs' motion to remand (rec. doc. 9) be **GRANTED**, and this matter be remanded to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.

Signed in Baton Rouge, Louisiana, on November 30, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MICHELE D. ZEBER AND NEAL A. ZEBER** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 10-89-BAJ-DLD** |
| **E.L. CRETIN, L.L.C., ET AL.** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on November 30, 2010.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**